UNITED STATES DISTRICT COURT
                           DISTRICT OF MINNESOTA
                         Civil No. 06-3844(DSD/JJG)

Jenelle Pearson, as trustee
for the next-of-kin of
Carlton James Pearson,
deceased, and SFM Mutual
Insurance Company,

         Plaintiffs,

v.                                                       **ORDER**

Boydstun Metal Works, Inc.,

         Defendant and
         Third-Party Plaintiff.

v.

Kuehn Brothers Trucking, Inc.,

         Third-Party Defendant.


     This matter is before the court upon defendant's objection to the District of Minnesota Clerk of Court's refusal to tax costs. Based upon a review of the file and record in this matter, the court overrules defendant's objection.

     In August 2006, plaintiffs Jenelle Pearson ("Pearson") and SFM Mutual Insurance Company ("SFM") filed a wrongful-death action in Minnesota state court against defendant Boydstun Metal Works, Inc. ("Boydstun"). Boydstun removed the case to federal court in September 2006. In February 2008, SFM voluntarily waived its claims against Boydstun, and Boydstun entered into a <u>Naig</u>

settlement[1] with Pearson.  On March 4, 2008, three weeks after the court had entered judgment dismissing SFM's claims against Boydstun with prejudice, Boydstun filed a bill of costs with the Clerk of Court against SFM.  The Clerk of Court denied all claims on March 24, 2008, determining that there was "insufficient explanation or documentation as to which costs are attributable to each plaintiff and how such attributed costs should be apportioned."  (See Cost Judgment of March 24, 2008, Doc. No. 95.)  Boydstun timely filed for review of the Clerk of Court's decision on March 28, 2008.

Boydstun argues that as the prevailing party in this action it may tax costs.  Pursuant to Federal Rule of Civil Procedure 54(d)(1), unless a federal statute, rules or court order provides otherwise, "costs - other than attorney's fees - should be allowed to the prevailing party."  Although a voluntary dismissal without prejudice "means that neither party can be said to have prevailed," Sequa Corp. v. Cooper, 245 F.3d 1036, 1037-38 (8th Cir. 2001), it is "well established that a dismissal with prejudice is equivalent to a dismissal on the merits, [and] a party who prevails on the merits ... is entitled to its costs and disbursements," L.G.S.R.G. P'ship v. O'Connor, No. 97-567, 1999 WL 743606, at *2 (Minn. T.C. Sept. 20, 1999).

---

[1] Naig v. Bloomington Sanitation, 258 N.W.2d 891, 894 (Minn. 1985) (allowing plaintiff to settle with defendant without affecting damages covered by workers' compensation).

2

Under this reasoning, Boydstun prevailed on the merits. However, Boydstun's prevailing party status was not questioned by the Clerk of Court. Instead, Boydstun did not receive costs because it provided insufficient explanation or documentation as to which costs are attributable to each plaintiff and how such attributed costs should be apportioned. With its objection to the Clerk of Court's determination, Boydstun submitted a host of exhibits - ostensibly to remedy the documentation issue - but it has provided no explanation of cost attribution or apportionment among plaintiffs. Accordingly, it has not addressed the Clerk of Court's explanation for refusing to award costs, and for this reason the court denies Boydstun's objection.

Therefore, **IT IS HEREBY ORDERED** that Boydstun's objection to the Clerk of Court's refusal to tax costs [Doc. No. 96] is overruled.

Dated:  May 22, 2008

s/David S. Doty
David S. Doty, Judge
United States District Court